UNIVERSAL FOREIGN SERVICE CO. ET AL. *v.* UNITED STATES

No. 5241.—Invoices dated Yokohama, Japan, February 14, 1935, etc.
Entered at Los Angeles, Calif., March 6, 1935, etc.
Entry No. 6169, etc.

(Decided April 29, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

TILSON, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that as to certain items the issue is the same as in *United States* v. *Nippon Dry Goods Co.,* Reap. Dec. 5006; that the appraised values less certain additions correctly represent the export values, and that there were no higher foreign values.

On the agreed facts I find and hold the proper dutiable export values of the rayon wearing apparel and the rayon footwear covered by said appeals to be the appraised values, less any additions made by the importer by reason of the so-called Japanese consumption tax. Judgment will be rendered accordingly.

ORIENT c/o UNIVERSAL FOREIGN SERVICE CO. *v.* UNITED STATES

No. 5242.—Invoices dated Yokohama, Japan, July 2, 1937, etc.
Entered at Los Angeles, Calif., July 17, 1937, etc.
Entry No. 686, etc.

(Decided April 29, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

TILSON, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that as to certain items the issue is the same as in *United States* v. *Nippon Dry Goods Co.,* Reap. Dec. 5006; that the appraised values less certain additions correctly represent the export values, and that there were no higher foreign values.

'On the agreed facts I find and hold the proper dutiable export values of the rayon wearing apparel and the rayon footwear covered by said appeals to be the appraised values, less any additions made by the importer by reason of the so-called Japanese consumption tax. Judgment will be rendered accordingly. .

UNITED STATES v. LUFKIN RULE CO.

No. 5243.—Invoice dated Belfast, Ireland, March 29, 1940.
Entered at Saginaw, Mich., April 23, 1940.
Entry No. B–16.

(Decided May 5, 1941)

Charles D. Lawrence, Acting Assistant Attorney General (Dorothy C. Bennett' special attorney), for the plaintiff.
Defendant not represented by counsel.

BROWN, Judge: This case was heard in Detroit, Mich., on December 13, 1940.

This importation consisting of linen yarns was entered at Saginaw, Mich., a subport of the port of Detroit, at the invoice prices less charges representing export values and appraised at those values by J. E. Sumner, examiner and acting appraiser.

When the appraisement was reviewed at the headquarters port of Detroit it was discovered that at the extreme right-hand margin of the invoice there was a column headed "Home Market Value or Current Selling Prices at Date of Exportation" in which column were listed prices higher than the export values. It appears that the importer on entering and the examiner and acting appraiser at Saginaw on appraising overlooked these home-market values and now that the error has been discovered the Government brings this appeal to have the yarns valued at the higher figures.

From the statement of Herman F. Kraus, for the importer, the entry at the invoice prices rather than at the higher home-market values was due entirely to his overlooking the column listing these latter values and to his unfamiliarity with customs procedure and was without any intention to deceive any one or to defraud the revenues of the United States. This was confirmed by the testimony of Theodore Hurwitz, the appraiser at Detroit, who discovered the error, and who testified that he had passed on other invoices from this foreign manufacturer, the York Street Flax Spinning Co., and had found that the invoice prices had corresponded to the foreign-market values and to the prices set forth in a periodically published price list for sales made in the home market at dates of exportation.